UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 07-94-C**

**UNITED STATES OF AMERICA,**                                                      **PLAINTIFF,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**JOHN RENFRO,**
**CHESTER SHIPP,**                                                              **DEFENDANTS.**


\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion and amended motion of

defendant Chester Shipp to sever defendants and to sever counts by offense date.

DE 36, DE 74.  The court, having reviewed the record and being otherwise

sufficiently advised, will deny the motion.

I.      **Background**

A fifteen-count superseding indictment charges Shipp and others with

knowingly and intentionally possessing with intent to distribute or distributing

cocaine or crack cocaine on various dates or conspiring with each other or others to

do so in 2005 and 2006.  Shipp is charged with Counts 1, 2, 4, 6-10, 11-12, 13-

14, and 15.  His co-defendant John Renfro is charged with Counts 1, 3-6, 13-14,

and 15, and his co-defendant Rodney Godby is charged with Counts 1, 2, 13-14,

and 15.  DE 37.  Count 6 has been dismissed subsequent to the superseding

1

indictment. DE 66. Therefore, all three defendants are charged with Counts 1, 13-14, and 15 (Count 15 is a general forfeiture count); Mr. Shipp and Mr. Renfro are also charged with Count 4; Mr. Shipp and Mr. Godby are also charged with Count 2; and Mr. Shipp alone is charged with Counts 7-10 and 11-12. Mr. Shipp now moves for a separate trial from Mr. Renfro and Mr. Godby and to sever the counts of his indictment by offense date. DE 36, 74.

## II.    Legal Standard

Fed. R. Crim. P. 8 embodies a preference in the federal system for joint trials of defendants who are indicted together. *Zafiro v. United States,* 506 U.S. 534, 537 (1993); *United States v. Cope*, 312 F.3d 757, 779 (6th Cir. 2002). Where it appears that the defendant or the government would be prejudiced by the joinder of charges or defendants, however, it is within the court's discretion to sever the defendants or charges for trial. Fed. R. Crim. P. 14(a). The decision on whether to grant a severance is within the discretion of the trial court, *Cope*, 312 F.3d at 779, but a motion for severance should not be granted without a showing of compelling prejudice. *Id.*; *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992). "[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. A jury is "presumed capable of sorting out the evidence and considering each

2

count and each defendant separately." *United States v. Medina*, 992 F.2d 573, 587 (6th Cir. 1993) (citing *United States v. Frazier*, 584 F.2d 790, 795 (6th Cir. 1978)).

III.    **Legal Analysis**

Defendant Shipp argues his trial should be severed from the other defendants on three grounds.  First, he contends that the counts in the indictment against other defendants but not against him "do not constitute allegations of the 'same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.'"  Second, he contends that a joint trial may confuse the jury or lead them to "improperly conclude that if the evidence shows guilt on any one count (as to either defendant) it will also show evidence of guilt in the other counts (or with the other defendant)."  Third, he contends that because much of the undercover video- and audio-tapes that will likely be used as evidence in the case is inaudible, those tapes will "inevitably bring up confrontational problems in that alleged incriminating statements by a co-defendant are admitted against the defendant in violation of the Sixth Amendment.  This occurs even if the tapes are inaudible in that undercover informants or the police often testify as [to] what was allegedly said during the transactions that is not necessarily audible on the tapes."  DE 36, 2-3.

The defendant also argues he should have a different trial for each count on which he has been indicted.

3

## A.    Rule 8

"'The joinder of multiple defendants is proper under Rule 8(b) only if each of the counts of the indictment arises out of the same act or transaction or series of acts or transactions, even if all counts of the indictment include a common defendant.'" *United States v. Lloyd*, 10 F.3d 1197, 1215 (6th Cir. 1997), *cert. denied*, 513 U.S. 883 (1994) (citing *United States v. Hatcher*, 680 F.2d 438, 441 (6th Cir. 1982)). "'[A] group of acts or transactions constitutes a "series" if they are logically interrelated.'" *Id.* (citing *United States v. Johnson*, 763 F.2d 773, 777 (6th Cir. 1985)).

The government asserts that "all the counts and all the defendants are logically related" because "[d]uring the same time period, in the same county, the defendants were engaged in a conspiracy to distribute cocaine and 'crack' cocaine. All the other counts involve overt acts in furtherance of the conspiracy." DE 45, 2. All of the substantive counts in the indictment do indeed charge crimes committed in Marion County, Kentucky, related to cocaine and crack cocaine during a relatively short time period of less than two years. Consequently, the court finds the requirements of Rule 8 are satisfied because the counts in the indictment constitute "a group of acts or transactions" that are "logically related."

## B.    Rule 14

"Severance is required only if there is a serious risk that a joint trial would compromise a specific trial right of of one of the defendants, or prevent the jury

4

from making a reliable judgment about guilt or innocence." *United States v. Cope*, 312 F.3d 757, 780 (6th Cir. 2002) (internal quotation marks and citations omitted). "Moreover, a trial court's limiting instructions may 'cure' such prejudice." *Id.*

The court finds no serious risk that a joint trial will compromise any specific trial right of Shipp. The government has stated that "[f]or each count charging a separate transaction on a particular date, the government will present specific testimony from eyewitnesses who directly participated in the transactions, as well as from the police officers who were monitoring the transactions." DE 45, 2. With such specific evidence, the court is confident a jury will be able to sort out the evidence against each defendant and relevant to each particular count in its deliberations and make a reliable judgment about guilt or innocence. The court will also consider any limiting instructions for the jury that the defendants request. Therefore, the court finds Rule 14 does not require severance on this ground.

### C.    Confrontation Clause

At this point, the court is not convinced there are insurmountable Sixth Amendment problems with trying the defendants together and having one trial for the thirteen remaining substantive counts of the superseding indictment. The court will consider motions in limine and objections at trial to prevent any Sixth Amendment issues the defendant fears may arise.

### IV.    Conclusion

5

Accordingly,

**IT IS ORDERED** that defendant Chester Shipp's motion to sever defendants and to sever counts by offense date, DE 36, as amended, DE 74, is **DENIED**.


Signed on February 27, 2008

Jennifer B. Coffman, Judge
United States District Court